**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**CASE NO.**

MICHAEL SENG,
individually and
on behalf of all others similarly situated,                    **CLASS ACTION**

      Plaintiff,

                                              **JURY TRIAL DEMANDED**

v.

DEBT COLLECTORS INTERNATIONAL INC.,

      Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff Michael Seng brings this class action against Defendant Debt Collectors International Inc., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1. Plaintiff brings this class action against Defendant under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by making telemarketing calls to residential telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission. Defendant also sends prerecorded and artificial voice messages.

1

3.    Through this action, Plaintiff seeks statutory on behalf of Plaintiff and the Class members under the TCPA.

**PARTIES**

4.    Plaintiff is a natural person.

5.    Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6.    Defendant is a Florida corporation with its principal place of business located in Orange County, Florida.

**JURISDICTION AND VENUE**

7.    This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

8.    Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed telephone solicitations from Florida where it resides.

**FACTS**

9.    Plaintiff is the subscriber to and customary user of his cellular telephone number—XXX-XXX-0013.

10.    Plaintiff registered his cellular telephone number on the DNC Registry on January 15, 2012 and the number has been registered continuously since that date.

11.    Plaintiff utilizes his cellular phone as his residential telephone number.

12.    Plaintiff uses the telephone number for personal, family, and household purposes.

2

13. Despite listing his number on the National DNC, Defendant called Plaintiff's cellular telephone on March 13, 2026; March 16, 2026 and April 7, 2026 with prerecorded and/or artificial voice robocalls.

14. The calls originated from telephone number 407-374-0000, which is owned and utilized by Defendant to place outbound marketing calls.

15. The voicemails Defendant left Plaintiff say that are from DCI, Debt Collectors International and ask Plaintiff to call Defendant at 407-374-0000 to help Plaintiff collect a debt.

16. Defendant charges for debt collection services as shown below:

## No Recovery No Fee
### Collection Services

Find out how we can help you recover the balances owed to you without you having to pay anything out of pocket.

Quote →

## Flat Fee Collections By InvoiceGuard

For clients looking for a flat fee solution, our InvoiceGuard program provides the protection needed at a low monthly premium.

Invoice Guard →

---

[1] www.debtcollectorsinternational.com

3



17.   Plaintiff never asked for these calls.

18.   Plaintiff has never done any business with the Defendant.

19.   Plaintiff's privacy has been violated by the above-described telemarketing calls.

20.   Plaintiff never provided his consent or permission for the calls.

21.   Plaintiff received more than one call within a 12-month period and more than 30 days after registering his number on the DNC.

22.   The calls were made to advertise Defendant's products and services.

23.   The calls were all unwanted, nonconsensual encounters.

24.   Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them

4

unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ALLEGATIONS

25. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

26. Plaintiff proposes the following Class definitions, subject to amendment as appropriate after the completion of discovery:

> **TCPA Robocall Class:** All persons within the United States who, within the four years prior to the filing of this lawsuit through the date of class certification, received one or more prerecorded or artificial voice calls regarding Defendant's property, goods, and/or services on their cellular telephone line.

> **TCPA DNC Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) and who received more than one telephone call from Defendant regarding Defendant's good and/or services; (3) during any 12-month period; (4) within the four years prior to the filing of the Complaint.

27. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

28. Excluded from the Classes are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

29. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

30. Members of the Classes as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

31. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

32. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

33. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

34. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

35. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

a) Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b) Whether Defendant complied with the DNC requirements of the TCPA;

c) Whether Defendant's conduct constitutes a violation of the TCPA; and

d) Whether members of the Class are entitled to damages.

36. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

6

37.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

38.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## COUNT I
### Violations of the TCPA
### 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)
### (On behalf of Plaintiff and the TCPA DNC Registry Class)

39.     Plaintiff realleges and incorporates by reference paragraphs 1-38.

40.     It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

41.     Defendant violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

42.     These violations were willful or knowing.

43.     As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

44.     Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## COUNT II
### Violations of the TCPA
### 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)
### (On behalf of Plaintiff and the TCPA Robocall Class)

45.     Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 38 as if fully set forth herein.

46.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

47.     It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

48.     Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

49.     Defendant used prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and other members of the Class.

50.     Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

8

51.     Defendant did not have prior express written consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

52.     Defendant has, therefore, violated § (b)(1)(A)(iii) and § 64.1200(a)(1)(iii) and (a)(2) by using prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the putative Class.

53.     As a result of Defendant's conduct and pursuant to § 227(b) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, respectfully requests that the Court enter judgment against Defendant for:

A.     Certification of the Classes as alleged herein;

B.     Appointment of Plaintiff as representative of the Classes;

C.     Appointment of the undersigned as counsel for the Classes;

D.     Statutory damages to Plaintiff and members of the Classes under the TCPA;

E.     Attorneys' fees and costs, as permitted by; and

F.     Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

9

DATED: April 27, 2026

Respectfully submitted,


**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.***
Florida Bar No. 030380
246 Shore Ct.
Lauderdale-By-The-Sea,        FL
33308
Email:  mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

**EISENBAND LAW, P.A.**
*/s/ Michael Eisenband*
Michael Eisenband
Florida Bar No. 94235
515 E. Las Olas Boulevard,
Suite 1300
Ft. Lauderdale, Florida 33301
MEisenband@Eisenbandlaw.com
Telephone: 954.732.2792


**\*\*\* - Lead Counsel**


*Attorneys for Plaintiff*